UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TURCAR, LLC,

    Plaintiff,

vs                                         Case No: 07-14975
                                               Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. #11). Defendant asks the Court to dismiss Turcar, LLC's Complaint in its entirety.

Defendant's motion is **GRANTED**.

**II.    BACKGROUND**

On April 2, 1985, a delegate of the Secretary of the Treasury made an assessment against Manuel Turchan for the tax period ended June 30, 1982. Turchan had an unpaid tax balance of $153,083.89.

On March 20, 1996, Turchan entered into a Land Contract with FRD Realty Investment Company in which Turchan purchased 12825 Ford Road ("the Property") for $325,000.00.

1

On May 27, 1997, Defendant filed a Notice of Federal Tax Lien with the Wayne County Register of Deeds. The notice says:

> As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against [Turchan]. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to [Turchan] for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

In a letter dated December 12, 1997, FRD notified Turchan that the Land Contract was forfeited because Turchan failed to make timely monthly payments.

On April 21, 1998, Turchan quit claimed his interest in the Property to Turcar. On that same date, Turchan and Turcar entered into a Collateral Assignment of Land Contract in which they collaterally assigned, transferred, warranted and mortgaged to Diamond Tech Lenders, L.L.C. all of their right, title and interest in the Property.

The quitclaim deed between Turchan and Turcar, the Land Contract between Turchan and FRD, and the Collateral Assignment were recorded on May 14, 1998.

On August 12, 1998, Turchan recorded three quitclaim deeds for the Property from FRD. The quitclaim deeds are dated May 15, 1998, June 24, 1998, and June 30, 1998.

Defendant issued a Notice of Seizure on October 25, 2007. The notice says the Property was seized for Turchan's nonpayment of $756,888.24 in past due internal revenue taxes.

On November 21, 2007, Turcar filed a Complaint to quiet title to the Property and for wrongful levy.

**III.     STANDARD OF REVIEW**

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

**IV.     APPLICABLE LAW AND ANALYSIS**

    **A.     Quiet Title**

Under 28 U.S.C. §2410(a)(1), "the United States may be named a party in any district court . . . to quiet title to[] real or personal property on which the United States has or claims a mortgage or other lien."

To succeed on its quiet title action, Turcar must establish a prima facie case of title. *See Sumpter v. United States*, 302 F.Supp.2d 707, 719 (E.D. Mich. 2004) (citations omitted). If Turcar establishes a prima facie case, the burden of proof shifts to Defendant to show it has superior right to the Property. *Id.* (citations omitted).

When Turchan quit claimed his interest in the Property to Turcar on April 21, 1998 (recorded on May 14, 1998), he did not have any interest to convey because FRD forfeited the Land Contract on December 12, 1997. While Turchan subsequently obtained title to the Property through a quitclaim deed from FRD on May 15, 1998, title to the Property did not pass to Turcar. *See Richards v. Tibaldi*, 272 Mich.App. 522, 541-42 (2006):

> Under the doctrine of after-acquired title, if a grantor by warranty deed conveys an estate that the grantor does not own and subsequently acquires title to that estate, that title inures to the benefit of his or her grantee. This is a form of estoppel, and the grantor is estopped to deny the tile the grantor subsequently acquired. *Donohue v. Vosper*, 189 Mich. 78 (1915); *Ernst v. Ernst*, 178 Mich. 100 (1913); *Pendill v. Marquette County* [*Agricultural Society*], 95 Mich. 491 (1893). . . . However, a quitclaim deed can never operate to convey an after-acquired title, since a grantor in the quitclaim deed warrants no title and conveys only that which he or she owns at the time of the conveyance. *Olmstead v. Tracy*, 145 Mich. 299 (1906); *Gadsby v. Monroe*, 115 Mich. 252 (1897); *People v. Miller*, 79 Mich. 93 (1889). [1 Cameron, Michigan Real Property Law (3d ed.), § 10.24, p. 366.]
>
> . . .
>
> [While there] appears to be conflicting case law regarding whether the doctrine of after-acquired title applies to failed quitclaim deeds[,] [w]e conclude that the controlling law is found in *Olmstead*, *Gadsby,* and *Miller*, which all directly addressed quitclaim deeds and which ruled that a

quitclaim deed cannot operate to convey an after-acquired title.

Turcar's quiet title action fails; it cannot establish a prima facie case of title.

**B.     Wrongful Levy**

Under 26 U.S.C. §6331(a):

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property . . . belonging to such person[.]

A person who believes a levy was wrongful may sue the United States in federal court.  *See* I.R.C. §7426(a)(1):

> If a levy has been made on property . . ., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

To succeed on its wrongful levy claim, Turcar has the burden to show: (1) it has a legally cognizable interest in the Property; and (2) the Property was wrongfully levied upon.  *See McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996).

A legally cognizable interest is a fee simple or equivalent interest, a possessory interest, or a security interest; an unsecured interest is insufficient.  *Id.* at 146 (citing *Frierdich v. United States*, 985 F.2d 379, 383 (7th Cir. 1993); *Aspinall v. United States*, 984 F.2d 355, 358 (10th Cir. 1993); *Valley Fin., Inc. v. United States*, 629 F.2d 162, 168 (D.C. Cir. 1980)).

For the reasons stated above, Turcar cannot establish it has a legally cognizable interest in the Property, and Turcar's wrongful levy claim fails.

5

## V. CONCLUSION

Defendant's motion is **GRANTED**. Turcar's Complaint is **DISMISSED**.

          /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 7, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 7, 2009.<br><br>s/Linda Vertriest<br>Deputy Clerk |