UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TURCAR, LLC,

    Plaintiff,

vs                                                   Case No: 07-14975
                                                      Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On April 2, 1985, a delegate of the Secretary of the Treasury made an assessment against Manuel Turchan for the tax period ended June 30, 1982. Turchan had an unpaid balance of $153,083.89.

On March 20, 1996, Turchan entered into a land contract with FRD Realty Investment Company in which Turchan purchased 12825 Ford Road ("the Property") for $325,000.00.

In a letter dated December 12, 1997, FRD notified Turchan that the Land Contract was forfeited because Turchan failed to make timely monthly payments.

On April 21, 1998, Turchan quit claimed his interest in the Property to Turcar. The quit claim deed between Turchan and Turcar was recorded on May 14, 1998.

On August 12, 1998, Turchan recorded three quitclaim deeds for the Property

1

from FRD. The quitclaim deeds are dated May 15, 1998, June 24, 1998, and June 30, 1998.

Defendant entered a Notice of Seizure on October 25, 2007. The notice says the Property was seized for Turchan's nonpayment of $756,888.24 in past due internal revenue taxes.

On November 21, 2007, Turcar filed a Complaint to quiet title to the Property and for wrongful levy.

On March 6, 2009, Defendant filed a Motion for Summary Judgment. The Court granted the motion on October 8, 2009.

Before the Court is Turcar's "Motion for Reconsideration of Opinion and Order Granting Defendant's Motion for Summary Judgment." (Doc. #25). Turcar says Defendant failed to present to the Court a quitclaim deed dated July 17, 1998 in which Turchan conveyed the Property to Turcar. According to Turcar, consideration of the July 17, 1998 deed will lead to a denial of Defendant's motion for summary judgment.

## II. APPLICABLE LAW AND ANALYSIS

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. A motion for reconsideration will be considered only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice. *See Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003). "It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] has already thought

through - rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

> Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings. "Motions for reconsideration are limited in purpose to correcting errors of law or to present newly discovered evidence. 'Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during [the] pendency of the summary judgment motion.'"

*Am. Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493 at **3 (6th Cir. Feb. 19, 2003) (quoting *Macdermid Inc. v. Electrochemicals Inc.*, 1998 WL 165137 at *19 n.7 (6th Cir. March 31, 1998)); *see also Marketing Displays, Inc. v. TrafFix Devices, Inc.*, 971 F.Supp. 262, 281 (E.D. Mich. 1997) (motions for reconsideration "*cannot* in any *case be employed as a vehicle to introduce* new evidence that could have been adduced *during the pendency of the summary judgment motion*") (quoting *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)) (emphasis in original).

The Court declines to consider the July 17, 1998 quit claim deed; it is not new evidence. Rather, it was readily available to Turcar during the pendency of Defendant's summary judgment motion.

### III. CONCLUSION

Turcar's motion is **DENIED**.

**IT IS ORDERED**.

Dated: March 1, 2010

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 1, 2010.

s/Carol A. Pinegar
Deputy Clerk